UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Farid Ahmad Mangal, *a/k/a* Farid Ahmad Maugal, | Civil Action No.: 6:18-cv-00106-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Warden, Perry Correctional Institution, | |
| Respondent. | |

Petitioner Farid Ahmad Mangal, a state prisoner,[1] filed a petition for federal habeas relief under 28 U.S.C. § 2254 alleging, among other claims, that his trial counsel was ineffective by failing to object to and by eliciting improper bolstering testimony[2] at his jury trial in a South Carolina court. The Court previously ordered the Magistrate Judge to conduct an evidentiary hearing on the improper bolstering claims raised in Ground Two of Petitioner's § 2254 petition.[3] *See* ECF No. 65. The matter now returns to the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kevin F. McDonald, who recommends denying Respondent's motion for summary judgment and granting Petitioner habeas relief as to the improper bolstering claims raised in Ground Two of his

---

[1] Petitioner has been in state custody since 2004, and he was convicted in 2007.

[2] "Improper bolstering is 'testimony that indicates the witness believes the victim, but does not serve some other valid purpose.' Improper bolstering also occurs when a witness testifies for the purpose of informing the jury that the witness believes the victim, or when there is no other way to interpret the testimony other than to mean the witness believes the victim is telling the truth." *Chappell v. State*, __ S.E.2d __, __, 2019 WL 7341490, at *3 (S.C. Ct. App. Dec. 31, 2019) (internal citation omitted) (quoting and citing *Briggs v. State*, 806 S.E.2d 713, 717–18 (S.C. 2017)).

[3] The Court granted Respondent's motion for summary judgment with respect to Ground One and the expert qualification issue raised in Ground Two and denied a certificate of appealability as to those issues. *See* ECF No. 65 at p. 26. The Court held in abeyance its ruling on the improper bolstering claims. *Id.* at pp. 26–27.

§ 2254 petition. *See* ECF No. 99.[4]

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Neither party has filed objections to the R & R, and the time for doing so has expired.[5] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 99], **DENIES** Respondent's motion for summary judgment [ECF No. 21] as to the improper bolstering claims raised in Ground Two of

---

[4] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.).

[5] Objections were due yesterday, January 2, 2020. *See* ECF No. 99; *see also* Fed. R. Civ. P. 72(b)(2) (requiring a party to serve and file specific written objections within fourteen days after being served with the R & R); Rule 8(b) of the Rules Governing Section 2254 Cases (same). Respondent did not file any objections or any motion for an extension of time to do so.

Petitioner's § 2254 petition, and **GRANTS** Petitioner's § 2254 petition as to the improper bolstering claims. Pursuant to 28 U.S.C. §§ 2243 and 2254, the Court **VACATES** Petitioner's March 16, 2007 convictions for criminal sexual conduct with a minor in the first degree, criminal sexual conduct with a minor in the second degree (two counts), lewd act upon a child, and incest. The Court **ORDERS** that Petitioner be released from custody unless the State of South Carolina retries him within 120 days of the date of this Order.[6]

**IT IS SO ORDERED.**


Florence, South Carolina
January 3, 2020

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[6] *See Herrera v. Collins*, 506 U.S. 390, 403 (1993) (explaining "[t]he typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner"); *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("[F]ederal courts may delay the release of a successful habeas petitioner in order to provide the State an opportunity to correct the constitutional violation found by the court."); *Wolfe v. Clarke*, 718 F.3d 277, 291 (4th Cir. 2013) ("In the absence of extraordinary circumstances, the proper disposition is generally, as the district court recognized, the release of a successful habeas petitioner, subject to rearrest and retrial."); *Austin v. Plumley*, 565 F. App'x 175, 191–92 (4th Cir. 2014) ("If a § 2254 petitioner is entitled to habeas relief, the court should 'dispose of the matter as law and justice require.' 28 U.S.C. § 2243.").